penalty provision and not a separate criminal offense; by *United States v. Garcia–Mendez,* 420 F.3d 454 (5th Cir.2005), *cert. denied,* — U.S. ——, 126 S.Ct. 1398, 164 L.Ed.2d 100 (2006), which held that a Texas conviction for burglary of a habitation was equivalent to burglary of a dwelling; and by *United States v. Carmichael,* 343 F.3d 756, 761–62 (5th Cir.2003), which held that a challenge to the district court's order requiring the defendant to cooperate in the collection of a DNA sample as a condition of supervised release is not ripe for review on direct appeal. The Government's motion for summary affirmance is GRANTED.

JUDGMENT AFFIRMED; APPEAL DISMISSED IN PART.

UNITED STATES of America,
Plaintiff–Appellee,

v.

Victor SANCHEZ–ESPINOZA,
Defendant–Appellant.

No. 06–40492
Conference Calendar.

United States Court of Appeals,
Fifth Circuit.

Oct. 5, 2006.

James Lee Turner, Assistant U.S. Attorney, U.S. Attorney's Office Southern District of Texas, Houston, TX, for Plaintiff–Appellee.

Marjorie A. Meyers, Federal Public Defender, H. Michael Sokolow, Federal Public Defender's Office Southern District of Texas, Houston, TX, for Defendant–Appellant.

Before JONES, Chief Judge, and SMITH and STEWART, Circuit Judges.

PER CURIAM: *

Appealing the Judgment in a Criminal Case, Victor Sanchez–Espinoza raises arguments that are foreclosed by *Almendarez–Torres v. United States,* 523 U.S. 224, 235, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), which held that 8 U.S.C. § 1326(b)(2) is a penalty provision and not a separate criminal offense. The Government's motion for summary affirmance is GRANTED, and the judgment of the district court is AFFIRMED.

UNITED STATES of America,
Plaintiff–Appellee,

v.

Armando LUNA–QUEZADAS, also
known as Fernando Quezadas
Luna, Defendant–Appellant.

No. 06–40501
Conference Calendar.

United States Court of Appeals,
Fifth Circuit.

Oct. 5, 2006.

James Lee Turner, Assistant U.S. Attorney, U.S. Attorney's Office, Houston, TX, for Plaintiff–Appellee.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Marjorie A. Meyers, Federal Public Defender, Margaret Christina Ling, Assistant Federal Public Defender, Federal Public Defender's Office, Houston, TX, for Defendant–Appellant.

Before JONES, Chief Judge, and SMITH and STEWART, Circuit Judges.

PER CURIAM: *

Appealing the Judgment in a Criminal Case, Armando Luna–Quezadas raises arguments that are foreclosed by *Almendarez–Torres v. United States*, 523 U.S. 224, 235, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), which held that 8 U.S.C. § 1326(b)(2) is a penalty provision and not a separate criminal offense. The Government's motion for summary affirmance is GRANTED, and the judgment of the district court is AFFIRMED.

**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Oscar FLORES–HERNANDEZ,
Defendant–Appellant.**

No. 06–40511
Conference Calendar.

United States Court of Appeals,
Fifth Circuit.

Oct. 5, 2006.

James Lee Turner, Assistant U.S. Attorney, U.S. Attorney's Office, Houston, TX, for Plaintiff–Appellee.

Marjorie A. Meyers, Federal Public Defender, Laura Fletcher Leavitt, Assistant Federal Public, Federal Public Defender's Office, Houston, TX, for Defendant–Appellant.

Before JONES, Chief Judge, and SMITH and STEWART, Circuit Judges.

PER CURIAM: *

Appealing the Judgment in a Criminal Case, Oscar Flores–Hernandez raises arguments that are foreclosed by *Almendarez–Torres v. United States*, 523 U.S. 224, 235, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), which held that 8 U.S.C. § 1326(b)(2) is a penalty provision and not a separate criminal offense. The Government's motion for summary affirmance is

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.